No. 11,657.

HUDSON, ET AL. *v.* WAGELEY.

Decided October 10, 1927.

Action to have interest in oil royalties declared held in trust for benefit of plaintiffs. Judgment of dismissal.

*Reversed.*

1.  TRUSTS—*Oil Royalties.* Interest in oil royalties purchased by defendant with plaintiffs' money adjudged held in trust for benefit of plaintiffs.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM H. DICKSON (deceased), for plaintiffs in error.

Mr. OTTO FRIEDRICHS, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action in equity by T. M. Hudson and others as plaintiffs against the defendant Wageley. Its object is to have a one sixty-fourth oil royalty interest in the Trapshooter oil lease in Rock Creek oil field, Carbon county, Wyoming, known as the Duncan royalty, which was bought by the defendant Wageley, taking title in his own name, declared to be held, under the doctrine of constructive trusts, by Wageley as a trustee for the plaintiffs, and to compel him to convey the same to the plaintiffs as their sole property as they furnished the entire consideration therefor. An accounting is also asked to ascertain the amount of royalty collected by defendant after the purchase was made. Upon the issues of fact joined the trial to the court resulted in a finding for the defendant, upon which the action was dismissed. Plaintiffs are here with their writ to have the same set aside. The judgment must be reversed.

In *Schwab, et al. v. Wageley,* 80 Colo. 199, 250 Pac. 156, we had before us a similar controversy over another one sixty-fourth royalty interest in the same lease, designated as the Middleton royalty, wherein the defendant Wageley was the party defendant and three of the plaintiffs here, Harry E. Schwab, Henry T. Meyer and Charles E. Meyer, were plaintiffs. Four other persons are named as plaintiffs in this action along with the three plaintiffs in the other action. We have reread that opinion and the evidence in that record and compared the same with the evidence in this record. The same counsel for the respective parties appeared in both actions. Notwithstanding the statement of counsel for the defendant in the present case, that the defendant's showing here is stronger than it was for him in the former one—but nowhere in his brief does he point out wherein it is stronger—we are convinced that in no substantial respect is there any difference, unless it be that the showing in

behalf of plaintiffs in this, is stronger than it was for the plaintiffs in the other, action. Our opinion in the former case had not been handed down at the time the instant case was tried below. If it had been announced before this trial in the district court, the findings and decree would undoubtedly have been for the plaintiffs.

The evidence in the former case is summarized in the opinion and need not be repeated here. With the legal principles declared there, subsequent and further investigation serves only to strengthen our conviction that they are applicable to the present, as they were to the other, controversy. The findings, even upon the defendant's own testimony in the present, as in the former, case, makes him a wrongdoer, and as such constitutes him a trustee of the legal title of the royalty for the use and benefit of the plaintiffs. The judgment therefore must be and it is set aside and the cause is remanded with instructions to the trial court to vacate its judgment, and in lieu thereof to enter a decree for the plaintiffs in accordance with the prayer of their complaint. An accounting shall be had to ascertain the amount due the plaintiffs from the defendant for royalties collected.

Mr. Chief Justice Burke and Mr. Justice Butler not participating.